[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RULING ON PLAINTIFF'S MOTION FOR CONTEMPT
CT Page 6700
The plaintiff moves to hold the defendant Planning Commission of the Town of New Milford in contempt for its failure to comply with the court's memorandum of decision and remand order of November 9, 1999. In that decision the court found that the Commission failed to sustain its burden of demonstrating, pursuant to General Statutes § 8-30g (c)(1) (C) that the "public interests cannot be protected by reasonable changes" to the plaintiff's affordable housing application that the Commission rejected.
As more fully set forth in the court's memorandum of decision, the plaintiff TN Associates filed an affordable housing application with the Commission. After a series of hearings, the Commission rejected the applicant's original and modified applications, claiming that the applicant failed to produce adequate information pertaining to the storm drainage, sewer and water supply systems for the proposed subdivision. Those decisions were appealed to this court with both sides vigorously disputing whether, in fact, the applicant submitted the necessary information. In sustaining the plaintiff's appeal, the court ruled that "[a] review of the record as well as the commission's brief, indicates that the commission has failed to demonstrate that there is sufficient evidence in the record to support a finding that the substantial public interests in adequate water, sewer and drainage systems cannot be protected by reasonable changes to the plan." Memorandum of Decision, p. 12.
Based on the court's conclusion that the Commission failed to discharge its statutory obligation to determine whether reasonable changes to the plan could protect the public interest in adequate storm drainage, water and sewer systems, the matter was remanded to the Commission for the purpose of the Commission making specific findings as to whether reasonable changes to the modified application would address the concerns of the Commission and its professional staff. In its motion for contempt the plaintiff alleges that rather than making the findings anticipated by the court in its decision, the Commission instead "voted to deny the application . . ."
While it appears from the record of the proceedings before the Commission after remand that the Commission failed to comply with the court's remand order, the court concludes that ambiguities in the court's memorandum of decision may be responsible for the Commission's failure to make the necessary findings. Accordingly, the court enters the following order:
1. The Commission shall specify with particularity the deficiencies CT Page 6701 that the Commission and its professional staff have identified with respect to the water, sewer and storm drainage systems set forth in the plaintiff's amended application.
2. After consultation with the applicant and its engineers, the Commission shall specify those changes that are reasonably necessary to protect the public's interest in adequate water, storm drainage and sewer systems, and thereupon grant the plaintiff's application.
3. In the event that the Commission concludes that the public interest in adequate storm drainage, water and sewer systems cannot be protected by reasonable changes to the plaintiff's application, it shall set forth such findings in detail, identifying the basis for such conclusion, including, but not limited to the recommendations and opinion of the Town's professional staff with respect to each of the systems in question.
Pending the Commission's compliance with the above order, ruling on the plaintiff's motion for contempt is deferred.
SO ORDERED.
___________________, J.
ROBERT L. HOLZBERG